**Felix J. BRUETTE, Jr., Plaintiff–Appellant,**

v.

**Sally JEWELL, Secretary of the Interior, Defendant–Appellee.**

**No. 15–2897.**

United States Court of Appeals, Seventh Circuit.

Submitted March 28, 2016.[*]

Decided March 30, 2016.

Rehearing and Rehearing En Banc Denied June 1, 2016.

Felix J. Bruette, Jr., Appleton, WI, pro se.

Brian C. Toth, Attorney, Department of Justice, Washington, DC, for Defendant–Appellee.

Before DIANE P. WOOD, Chief Judge, MICHAEL S. KANNE, Circuit Judge, DIANE S. SYKES, Circuit Judge.

### ORDER

Felix Bruette appeals from a dismissal of his suit for lack of jurisdiction. In his complaint Bruette sought an order requiring that the Department of the Interior follow an 1893 law involving the Stockbridge and Munsee Indians. At a hearing Bruette clarified his principal demand: He wants the Department to recognize that descendants (including him) of Stephen Gardner, a signor of an 1856 Treaty between the Stockbridge and Munsee Indians and the United States, belong to the tribe recognized in the Treaty. The district court dismissed the suit based on several incurable defects. Because Bruette has not developed an argument to disturb the district court's decision, we dismiss his appeal.

Bruette's complaint alleges that as a great-great-grandson of Gardner, he is entitled to his share of benefits that Congress promised to Gardner in the 1893 statute. *See* An Act for the relief of the Stockbridge and Munsee tribe of Indians, in the State of Wisconsin, ch. 219, 27 Stat. 744 (1893). The Department is disregarding that Act, the complaint continues, and is thereby breaching its fiduciary duties by

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R.App. P. 34(a)(2)(C).

not establishing an official list of tribe beneficiaries. At a hearing Bruette expanded these allegations. He explained that he represents descendants of those who signed the 1856 Treaty, *see* Treaty with the Stockbridge and Munsee, 11 Stat. 663, 1856 WL 11369, but whom Congress excluded from its benefits under a law enacted 15 years later. *See* An Act for the Relief of the Stockbridge and Munsee Tribe of Indians, in the State of Wisconsin, ch. 38, 16 Stat. 404 (1871). Congress, Bruette continued, recognized that it had wrongly excluded many who signed the 1856 Treaty from receiving tribal benefits required by the Treaty. It therefore passed in 1893 an act to remedy that situation. *See* An Act for the relief of the Stockbridge and Munsee tribe of Indians, in the State of Wisconsin, ch. 219, 27 Stat. 744 (1893). But, Bruette concluded, the Department never completed the required tribal membership "roll" that would have treated Gardner's descendants as members of the tribe contemplated by the 1856 Treaty.

The Secretary moved to dismiss the suit, identifying numerous obstacles to it. She argued that to the extent that Bruette was seeking tribal recognition, he first must exhaust the remedies provided by the Department, *see* 25 C.F.R. § 83, which he had not done. The Secretary observed that Bruette had sent a letter intending to seek tribal recognition to the Office of Federal Acknowledgement in 2003, but he did not further pursue the process. In addition, the Secretary contended that Bruette's suit was blocked by sovereign immunity, the statute of limitations, and the political-question doctrine.

The district court dismissed Bruette's suit. The judge noted that neither party pointed to a statute creating a federal cause of action that engaged the court's jurisdiction. On his own the judge considered two provisions, the General Allotment Act of 1887 (providing jurisdiction for claims seeking an allotment of land), *see* 25 U.S.C. § 345; 28 U.S.C. § 1353, and the Indian Tucker Act, *see* 28 U.S.C. § 1505. But he concluded that neither statute provided subject-matter jurisdiction because Bruette had not sued for an allotment of land and the 1893 Act does not give Bruette any substantive rights. Even if the court had jurisdiction, the catch-all six-year statute of limitations for federal claims would bar Bruette's suit. *See* 28 U.S.C. § 2401(a). And to the extent Bruette was seeking tribal recognition, the judge determined that he had no authority to grant such relief because it is a political question and Bruette has not completed the Department's internal process.

In his two-page brief on appeal, Bruette ignores the district court's reasoning. He merely repeats his contention that the Department has violated the 1893 Act and "is in breach of its fiduciary duties by failing to establish a roll of actual members under the provisions Congress ordered." His brief develops no argument to disturb the district court's reasons for dismissal or the Department's defense of the dismissal. For example, Bruette does not contest the Department's statement that back in 2003 he began an administrative effort, which he quickly aborted, to seek tribal recognition from the government. That is the subject of this suit, and if Bruette waited more than a decade after learning of the basis of his claim to file suit, it may be untimely. *See* 28 U.S.C. § 2401(a). But we need not address the substance of the district court's reasons for dismissal because Bruette's brief does not comply with Rule 28(a) of the Federal Rules of Appellate Procedure. *See Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir.2001). Although Bruette is pro se, even pro se litigants must adhere to the rule that requires an appellant to give us a reason to

consider whether the district court erred in dismissing the complaint. *See McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir.2008). Without a developed appellate argument for the government to oppose or us to review, *see Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014), Bruette's appeal must be DISMISSED.