NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 2, 2018[*]
Decided June 22, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-3011

| | |
|---|---|
| FELIX J. BRUETTE, JR., | Appeal from the |
|     *Plaintiff-Appellant*, | United States District Court for the |
| | Eastern District of Wisconsin. |
| *v.* | |
| | No. 17 C 286 |
| RYAN ZINKE, | |
| United States Secretary of the Interior, | William C. Griesbach, |
|     *Defendant-Appellee*. | *Chief Judge*. |

**O R D E R**

Felix Bruette appeals from an order dismissing his second lawsuit against the Secretary of the Interior seeking a court order enforcing an 1856 treaty between the Stockbridge and Munsee Indians and the United States and recognizing his claim of

---

[*] We agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

tribal rights under that treaty. Bruette's first suit was dismissed for lack of subject-matter jurisdiction. (The judge identified other flaws as well: the suit was both untimely and raised only a nonjusticiable political question.) Bruette appealed, but his two-page brief did not address the substance of the district court's decision or otherwise develop an argument, so we dismissed the appeal for noncompliance with Rule 28(a) of the Federal Rules of Appellate Procedure. *Bruette v. Jewell*, 638 F. App'x 528 (Mem.) (7th Cir. 2016).

About a year later, Bruette filed another lawsuit against the Secretary seeking to litigate the same dispute about his claimed treaty rights. The same district judge again dismissed the suit for lack of subject-matter jurisdiction, and Bruette appealed. The Secretary urges us to dismiss this second appeal because it suffers from the same defect as the first: noncompliance with Rule 28(a). Alternatively, the Secretary argues that Bruette's second suit is blocked by preclusion principles, sovereign immunity, the statute of limitations, and because it raises a nonjusticiable political question.

We agree that the appeal must be dismissed for noncompliance with Rule 28(a). The argument section of Bruette's brief contains just three sparse sentences announcing that he disagrees with the district court and that his civil rights have been violated. Although Bruette is representing himself, all appellants—even those proceeding pro se—must file a brief that contains more than just a generalized assertion of error. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (explaining that pro se filings are construed liberally, "but still we must be able to discern cogent arguments in any appellate brief, even one from a pro se litigant"). Bruette has failed to develop any argument for why the district court was wrong to dismiss his latest complaint. Accordingly, there is nothing for us to review. The appeal is DISMISSED.